USCA1 Opinion

 

 February 17, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1999 UNITED STATES, Appellee, v. HERMON RAYMOND STARKWEATHER, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ___________________ Perry O'Brian, on brief for appellant. _____________ Jay P. McCloskey, United States Attorney, Elizabeth C. __________________ _____________ Woodcock, Assistant United States Attorney, and Margaret D. ________ ____________ McGaughey, on brief for appellee. _________ __________________ __________________ Per Curiam. Appellant Hermon Starkweather was convicted __________ after a one day jury trial of nine counts of fraudulently converting United States treasury funds for his own use in violation of 18 U.S.C. 641. He now argues that there was insufficient evidence to support a conviction. Since the record indicates that appellant failed to renew his motion for acquittal at the close of the case, his conviction can only be disturbed "to prevent 'clear and gross injustice.'" United States v. Rodriguez-Estrada, 877 F.2d ______________ _________________ 153, 156-57 (1st Cir. 1989) (quoting United States v. Jiminez _____________ _______ Perez, 869 F.2d 9, 11 (1st Cir. 1989)). Appellant has failed _____ to show that justice miscarried in this case. The sole basis for appellant's contention that the evidence was insufficient to establish that he acted with the criminal intent required for a conviction under 18 U.S.C. 1641 is that appellant testified at trial that he lacked such intent. However, the government presented more than sufficient evidence from which a rational juror could have concluded beyond a reasonable doubt that criminal intent was present. Since the jury was entitled to assess credibility and to accept or reject any or all of appellant's testimony, United States v. Dockray, 943 F.2d 152, 157 (1st Cir. 1991), _____________ _______ there was no error in the fact that the jury credited the government's version of events rather than appellant's. Affirmed. ________ -2-